Curia, per

O’Neall, J.
The 4th section - of the Act of ’91, 1st Faust, 24, provides, “If the intestate shall not have a lineal descendant, father or mother, but shall have a widow, and brothers arid sisters, or brother or sister, of the whole blood, the widow shall be entitled to one moiety of the estate, and the brothers and sisters, or brother or sister, to.the other moiety, as tenants in common. The children of a deceased brother or sister shall take among them, respectively, the share which their respective ancestbrs would have been entitled to, had they survived the intestate.”
The Act of ’97, amending the Act of ’91, provides for the case where the wife be dead, and lets in the brothers and sisters, in that case,' to participate in the inheritance, and prescribes “ that the issue, if any, of any deceased brother or sister, if more than one, shall take among themselves the same share which their father or mother, if living, would have taken.; and if but one such issue, then he or she shall take the share which his or her father or mother would have taken if living.'” 1st Brev. Dig. Tit. 101, sec. 20, p. 427.
*304 Considering the, plaintiffs's case under these Acts alone, and giving to the alienage of the wife the same effect as her death, (as to the correctness of which I think there is great room to doubt, but as that is the best view for the. plaintiffs, it may be conceded for the present,) it would be plain that they could not recover; for the Descotte~ are not the children of a deceased brother or sister, their mother being still alive, but an alien; and O'Driscoll could not recover, because his mother died an alien, and if alive could not take any portion of the intestate's estate.
It wa~s, however, ably contended, that under the Stat. 11 and 12 W. 3, c. 6, which is of force in this State, the plaintiff O'Driscoll might take with the brother of the deceased. It provides, "whereas, divers persons born within the King's donuinions are disabled to inherit, and make their titles by descent from their ancestors, by reason that their fathers or mothers, or some other ancestor, (by whom they are to derive th~ir descent,) was an alien, and not born within the King's dominions: for remedy whereof; be it enacted, that all and every person or persons~ being the King's natural born subject or subjects, within any of the King's reaiths~ or dominions, shall and may hereafter lawfully inherit and be inheritable as heir or heirs t~ any honors, manors, lands, tenements, or hereditaments, and make their pedigrees and titles by descent from any of their ancestors, lineal or collateral, although the father and mother, or fathers and mothers, or other ancestors of such person or persons, by, from, through or under whom he, she or they shall or ina,y make or derive their title or pedigree, were or was or is or are or shall be boin out of the King's allegiance, and out of hisç Majesty's realms and dominions, as freely, fully and effectually, to all intents and purposes, as if such father or mother, or fathers or mothers. or1their ancestor ~r ancestors, by, from, through or under whom he, she or they shall make or derive their title or pedigree, had been naturalized or natural born subjects within the King's dominion-any law or custom to the contrary notwithstanding."~ ., .~, . .. , , . .
This statute, it seems to me, wIll not help tile plaintills; for it only intends to remove the obstacle to the title of one claiming as heir to the person last seized, thattheis obliged *305 to trace his descent through an alien ancestor. If the intestate had not left a brother, a native born citizen of the United States, then the plaintiif, O’Driscoll, might very-well have claimed as heir, tracing his title by descent, as next of kin, through his mother, and being preferred on account of his citizenship before the alien sister of the deceased. But he cannot now so claim, because there is one nearer in blood, who is able to take the inheritance. The title of O’Driscoll is dependant upon the capability of his mother, and is wholly derived from her. Levy vs. McCarter, 6 Peters, 102. He does not come in as heir, but as one who, on account of the equity of the statute, is permitted to represent his mother. As she could not be entitled to any part of the inheritance, it follows that her representative can be entitled to nothing; and when he is allowed to trace his descent through her, under the statute of Win. 3, he cannot claim, as next of. kin, on account of the brother being nearer in blood than he is. This is, it seems to me, the true construction of the Acts of ’91 and ’97, and the stat. 11 and 12 W. 3, c. 6, when construed together, and in pari materia. But, if there be any conflict between their provisions, then, so far as they do conflict, the Acts of ’91 and ’97 are to prevail.
If, however, O’Driscoll was entitled, still the plaintiffs must fail in this case; for the Descottes are not, in any «vent, or in anywise, entitled; and hence, too many plaintiffs being before the court, they cannot succeed. In Hammond’s N. P. 223, it is said: “ the consequence of inattention to these rules, where it consists in joining too many as plaintiffs, are the same in all forms of action. Where the defect is apparent upon the record, the defendant may demur, arrest the judgment, or reverse it by error, or he may plead the general issue, and thereby succeed at the trial.”
The motion is dismissed.
This case was argued in the Appeal Court, at Charleston, first, February Term, 1841. It was held under advisement until February Term, 1842.
Richardson, Evans, Butler, Earle and Gantt, JJ., concurred.